UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FROST BROWN TODD LLC, <br><br> Plaintiff, <br><br> v. <br><br> CENTERS FOR MEDICARE AND MEDICAID SERVICES, <br><br> Defendant. | Civil Action No. 21-2784 (TSC) |

**MEMORANDUM OPINION**

Years after filing six different requests for agency records with the Centers for Medicare and Medicaid Services ("CMS") under the Freedom of Information Act ("FOIA"), Plaintiff Frost Brown Todd, LLC, filed this action against CMS, claiming that it violated FOIA by withholding documents it requested and engaging in a pattern or practice of undue delay. Defendant moved to partially dismiss the Complaint, arguing that most of Plaintiff's FOIA requests failed to reasonably describe the records sought and Plaintiff failed to state a claim that Defendant has a pattern or practice of violating FOIA.

Having considered the Complaint and the parties' briefing, the court will GRANT in part and DENY in part Defendant's partial motion to dismiss. The court will dismiss all aspects of Counts I, II, and III that rely on FOIA requests in which Plaintiff failed to reasonably describe the records sought under Federal Rule of Civil Procedure 12(b)(6), but will not dismiss Count IV because Plaintiff sufficiently alleged that Defendant engaged in a pattern or practice of violating FOIA.

Page **1** of 12

I. BACKGROUND

In May 2018, Plaintiff sent Defendant six separate FOIA requests seeking "documents related to the Medicare program, including documents relating to Traditional Medicare, Medicare Advantage, the Medicare Advantage payment model, the Risk Adjustment Processing System ("RAPS") filter logic, and the process by which CMS sets payment rates and accepts bids from participating Medicare Advantage Organizations ("MAOs") that offer Medicare Advantage benefits." Compl., ECF No. 1 ¶¶ 13–14. Between May 2018 and October 2021, Plaintiff received only seven interim productions regarding its first request, *id.* ¶ 16; "a limited number of documents" in response to its third request, *id.* ¶ 20; and no responsive documents regarding its second, fourth, fifth, or sixth requests, *id.* ¶¶ 18, 22, 24, 26. Unsatisfied with CMS's response, Plaintiff filed this suit on October 19, 2021, raising four FOIA violations. Count I alleges that Defendant violated 5 U.S.C. § 552(a)(3)(A) and (6)(A) by failing to timely respond to Plaintiff's requests and failing to promptly make the responsive records available. *Id.* ¶¶ 129–33. Count II requests an injunction requiring Defendant to comply with FOIA and release the requested documents to Plaintiff. *Id.* ¶¶ 140–41. Count III seeks an injunction compelling Defendant to produce documents it withheld under FOIA exemption (b)(5), the deliberative process privilege. *Id.* ¶¶ 143–49. And Count IV asks the court to enjoin Defendant from its pattern or practice of violating FOIA by unduly delaying in disclosing non-exempt documents. *Id.* ¶¶ 151–54.

Defendant filed a partial motion to dismiss on January 21, 2022, Partial Mot. to Dismiss, ECF No. 11, asking the court to dismiss all claims arising from Plaintiff's requests number two through six and paragraphs three through six under request number one as well as the pattern or practice claim under Count IV, Mem. in Supp. of Partial Mot. to Dismiss, ECF No. 11-1 at 16 ("Motion").

Page **2** of **12**

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

In deciding a motion to dismiss, the court presumes the truth of the factual allegations in the complaint and affords the plaintiff "every favorable inference that may be drawn from the allegations of fact." *Laughlin v. Holder*, 923 F. Supp. 2d 204, 208–09 (D.D.C. 2013) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The court does not, however, "accept as true 'a legal conclusion couched as a factual allegation,' nor inferences that are unsupported by the facts set out in the complaint." *Id.* at 209 (citation omitted).

## III. ANALYSIS

### A. Counts I, II, and III: Exhaustion of Administrative Remedies

Defendant moves to dismiss all aspects of Counts I, II, and III that rely on paragraphs three through seven of Plaintiff's first FOIA request and requests two through six for failure to exhaust administrative remedies. Because Plaintiff failed to reasonably describe the records it sought in these requests, the requests did not comply with FOIA, and Plaintiff therefore failed to exhaust its administrative remedies. Thus, the court will grant Defendant's motion to dismiss Plaintiff's claims arising from these requests.

"The FOIA represents a carefully balanced scheme of public rights and agency obligations designed to foster greater access to agency records than existed prior to its

enactment." *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).  It does so by requiring agencies to make records "promptly available to any person" upon a "request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(3)(A).

A person who has requested agency records under FOIA may bring an action "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(4)(B).  "Judicial authority to devise remedies and enjoin agencies can only be invoked," however, "if the agency has contravened all three components of this obligation" by (1) improperly, (2) withholding, (3) agency records, *Kissinger*, 445 U.S. at 150, because the "duties that FOIA imposes on agencies" only "apply once an agency has received a proper FOIA request," *Citizens for Resp. and Ethics in Washington v. FEC*, 711 F.3d 180, 185 n.3 (D.C. Cir. 2013) ("*CREW*").  Thus failure to comply with FOIA and agency requirements—by, for example, failing to reasonably describe the records—"amounts to a failure to exhaust administrative remedies, which warrants dismissal." *Dale v. IRS*, 238 F. Supp. 2d 99, 102–03 (D.D.C. 2002) (citing *Gillian v. IRS*, 980 F.2d 819 (1st Cir. 1992); *Voinche v. Dep't of Air Force*, 983 F.2d 667, 669 n.5 (5th Cir. 1993)); *accord id.* at 104 (an agency "is under no obligation to release records that have not been reasonably described"); 45 C.F.R. § 5.24(b)(2) ("Requests must reasonably describe the records sought and contain sufficient information to enable the FOIA office to contact you and transmit records to you.").  Failure to exhaust administrative remedies is not jurisdictional, but rather jurisprudential, and is thus properly considered under Federal Rule of Civil Procedure 12(b)(6). *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003).

A FOIA request reasonably describes the records sought "if the agency is able to determine precisely what records are being requested." *Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting *Kowalcyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996)). The standard is that of a "professional employee of the agency who" is "familiar with the subject area of the request." *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990). That employee should be able to "locate the record with a reasonable amount of effort." *Id.* Typically, this "requirement shall generally be satisfied if the requester gives the name, taxpayer identification number . . . subject matter, location, and years at issue, of the requested records." 26 C.F.R. § 601.702(c)(5)(i).

A request does not reasonably describe the records sought if it is a "broad, sweeping request[] lacking specificity," *Dale*, 238 F. Supp. 2d at 104, or a "general request for data, information and statistics to be gleaned generally from documents which have not been created and which the agency does not generally create or require," *Krohn v. Dep't of Just.*, 628 F.2d 195, 198 (D.C. Cir. 1980). That is because "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requestors." *Dale*, 238 F. Supp. 2d at 104 (citation omitted). In applying this standard, courts have concluded that a request does not reasonably describe the records requested if it seeks "all" material relating to a certain topic. For example, a court in this district concluded that a FOIA request was insufficient where it "sought 'all' records that 'discuss Iran in the context of American politics and/or elections.'" *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 62 (D.D.C. 2013). In *Freedom Watch*, the court held that it was unclear "how broadly . . . an objective agency professional should construe the terms 'context of American politics *and* elections' and 'context of American politics *or* elections,'" and "neither time limitation nor subject matter of such communications" was

mentioned in the request.  *Id.*  Similarly, in *Dale*, the court concluded that a request for "*any and all* documents, including but not limited to files, that refer or relate in any way to Billy Ray Dale" did not reasonably describe the records sought because it did not "specify what records he seeks, for what years, and located at which office of the IRS."  238 F. Supp. 2d at 104.

Many of Plaintiff's requests fail to reasonably describe the records sought because they seek all materials related to a certain topic.  Paragraphs three through seven in Plaintiff's first request seek "[a]ll documents produced or disclosed"; "[a]ll interrogatory answers, deposition testimony, or other sworn statements"; and "[a]ll documents that CMS has produced" relating to litigation, requests, or investigations regarding whether invalid or unsupported diagnosis codes or RAPS data by MAOs or MAO providers violated the False Claims Act.  Compl. Ex. A at 2.  All fourteen subsections of Plaintiff's second request seek "[a]ll documents" relating to Medicare attestation and compliance; the fee-for-service adjuster; and reconciliation payments.  *Id.* Ex. B at 1–3.  Plaintiff's third request seeks "[a]ll training-related documents," "[a]ll documents related to internal and external policies and procedures," "[a]ll communications between any MAO and CMS," and "[a]ll documents" regarding specific topics relating to MAOs and diagnosis codes. *Id.* Ex. C at 1–2.  Similarly, the fourth request seeks "[a]ll documents CMS created, received, evaluated and/or relied upon," "[a]ll documents relating to CMS's review, analysis, or receipt," and "[a]ll documents" related to the Medicare Managed Care Manual; data diagnosis filtering logic; Risk Adjustment Data Validation audits of MAOs; Risk Adjustment Participant Guides; MAO bids; and coding intensity adjustments CMS applies to MAOs.  *Id.* Ex. D at 1–2. Plaintiff's fifth request seeks "[a]ll documents" related to twelve subsections under the categories of overpayments to MAOs and the Social Security Act's actuarial equivalence requirement.  *Id.* Ex. E at 1–2.  Finally, Plaintiff's sixth request seeks "[a]ll documents" relating to another twelve

subsections, this time under the categories of retrospective reviews of medical charts by MAOs, data work groups, and CMS's decision not to finalize a proposed chart review rule. *Id.* Ex. F at 1–3. Each of these requests is too general and broad to reasonably describe the records sought and lacks the required "name," "location," and in many cases, also "years at issue" of the records, 26 C.F.R. § 601.702(c)(5)(i), and "require[s] the agency to locate . . . vast quantity of material," *Am. Fed'n of Gov't Emps. v. U.S. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990). Because these requests fail to reasonably describe the records sought, Defendant was never required to disclose any records in response, and Plaintiff has failed to exhaust its administrative remedies.

In fact, Plaintiff does not argue that these requests reasonably describe the records sought, only that it would be improper for the court to decide the reasonable description question at the motion to dismiss stage. *See* Mem. in Opp'n to Partial Mot. to Dismiss, ECF No. 13 at 11–14 ("Opp'n"). That argument, however, ignores FOIA's exhaustion requirements. By requiring that a plaintiff make a valid request and the defendant withhold records to exhaust administrative remedies, *see CREW*, 711 F.3d at 185 n.3, FOIA *requires* courts to analyze whether a valid request was made—and thus, whether a request reasonably describes the records sought—at the motion to dismiss stage, *see, e.g.*, *Dale*, 238 F. Supp. 2d at 102–03. Plaintiff also contends that the court must accept its statement in the Complaint that it exhausted its administrative remedies. Opp'n at 14. But that is not the standard of review. The court does not need to accept as true the legal conclusions in the Complaint. *Laughlin*, 923 F. Supp. 2d at 209.

Plaintiff also points to two regulations to argue that Defendant cannot challenge whether the requests reasonably describe the records sought for the first time at this stage. Opp'n at 8–11, 14–16. The first regulation provides that if CMS "determines that a request does not meet

these requirements," it "will attempt to contact" the requester "if possible." 45 C.F.R. § 5.24(b)(2). But this regulation does not provide that an agency waives any argument as to the validity of a FOIA request if it does not contact the requester.

The second regulation requires the agency to issue an adverse determination on requests within 20 days of receiving the request, and provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i). In other words, if an agency issued an adverse determination 40 days after the request was made, even though § 552(a)(6)(A)(i) sets a 20-day limit, Plaintiff could challenge that determination in court directly, without going through the administrative appeal process for adverse determinations provided by § 552(a)(6)(A)(i)(III). This 20-day time limit for issuing adverse determinations does not kick in, however, if the requester does not make a "request to any agency for records under paragraph (1), (2), or (3) of this subsection." *Id.* § 552(a)(6)(C)(i). To make a "request to any agency for records" under paragraph 3 of the subsection, a request for records must "(i) reasonably describes such records" and (ii) be "made in accordance with published rules." *Id.* § 552(a)(3)(A). Because Plaintiff never made a valid FOIA request under paragraph 3, Defendant was never required to comply with the time limit for issuing adverse determinations in § 552(a)(6)(A), and the constructive exhaustion waiver in § 552(a)(6)(C) is inapplicable.

That interpretation of the statutory scheme comports with the D.C. Circuit's reading of § 552(a)(6)(C) in *Oglesby v. United States Department of Army*, 920 F.2d 57, 64–65 (D.C. Cir. 1990), in which it explained that applying the exhaustion waiver to all potential FOIA claims would be inconsistent with the statutory scheme and undermine the administrative process. This

construction of § 552(a)(6)(C) is also consistent with other cases in this district, including *Dale*, 238 F. Supp. 2d at 102–05 and *Freedom Watch*, 925 F. Supp. 2d at 60–63, where courts have considered whether a plaintiff reasonably described the records sought to determine whether a claim was exhausted without acknowledging whether the agency ever issued an adverse determination.

In sum, Plaintiff's FOIA request failed to reasonably describe the records sought. Thus, Plaintiff failed to exhaust its administrative remedies, and the court will grant Defendant's motion to dismiss Plaintiff's claims that rely on those requests under Federal Rule of Civil Procedure 12(b)(6).

**B.     Count IV: Pattern or Practice**

Defendant also moves to dismiss Count IV in its entirety, arguing that Plaintiff cannot state a claim that Defendant has a pattern or practice of violating FOIA. But because Plaintiff's Complaint sufficiently alleges that Defendant has a pattern or practice of engaging in undue delay in disclosing non-exempt documents from which Plaintiff is likely to continue to suffer, the court will deny Defendant's motion to dismiss Count IV.

To state a pattern or practice claim under FOIA, a plaintiff must allege (1) that the defendant is "following an 'impermissible practice' in evaluating FOIA requests," and (2) that the plaintiff "will suffer 'continuing injury due to this practice.'" *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988) (quoting *Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 91 (D.C. Cir. 1986)). A pattern or practice may be informal, rather than a formal agency policy. *See id.* And "informal agency conduct resulting in long delays in making requested non-exempt records available may serve as the basis for a policy or practice claim." *Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 777–78 (D.C. Cir. 2018). But "a

single FOIA violation is insufficient as a matter of law to state a claim for relief based on a policy, pattern, or practice of violating the FOIA." *Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 231 (D.D.C. 2011).

In Count IV, Plaintiff alleges that Defendant "engaged in unreasonable delays in disclosing non-exempt documents," Compl. ¶ 151, "engages in repeated and long delays as a pattern or practice while interacting with FOIA Requestors, such as Petrillo & Powell and Sidley Austin," *id.* ¶ 152, and that Plaintiff's "current FOIA requests have been, and are likely to continue to be, subject to that same practice," *id.* ¶ 153. Plaintiff's allegations fulfill the first element of a pattern or practice claim by asserting that Defendant unreasonably delays disclosing documents not only in this case, but also in cases involving other requestors. Plaintiff's allegations also fulfill the second element of a pattern or practice claim by contending that Plaintiff's FOIA requests will likely continue to be subject to this practice.

Defendant's arguments to the contrary are unpersuasive. First, it argues that "the pleadings refer only to delays in Plaintiff's pending case," and a single incident of delay is insufficient to support a pattern or practice claim. Reply in Supp. of Partial Mot. to Dismiss, ECF No. 15 at 13 ("Reply"); *accord* Motion at 14–15. But Plaintiff does not just rely on its own case to allege a pattern or practice—it also points to cases involving the firms Petrillo & Powell and Sidley Austin. Compl. ¶ 152. Defendant counters that these additional requests "do not establish that the delays were part of a pattern and practice as opposed to mere isolated mistakes." Motion at 14–15; *accord* Reply at 13–14. But, in doing so, it mistakes the burden at the motion to dismiss stage with the burden at summary judgment, citing a case in which the court granted an agency summary judgment because the plaintiff was unable to "show that the defendants' delays were not due 'merely [to] isolated mistakes by agency officials.'" *Forest*

*Cnty. Potawatomi Cmty. v. Zinke*, 278 F. Supp. 3d 181, 208–09 (D.D.C. 2017) (citation omitted). At the motion to dismiss stage, however, it is sufficient that Plaintiff has pleaded that Defendant engages in unreasonable delays. Plaintiff was not required to plead that Defendant did not make a mistake or error, or that Defendant's unreasonable delays were deliberate. *See Payne*, 837 F.2d at 491.

Second, citing pre–*Judicial Watch* district court cases, Defendant claims that "delay alone, even repeated delay, is not the type of illegal policy or practice that is actionable." *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 72 (D.D.C. 2016); *accord Del Monte Fresh Produce N.A. v. United States*, 706 F. Supp. 2d 116, 120 (D.D.C. 2010) ("*Payne Enterprises* regards the repeated denial of [FOIA] requests based on the invocation of inapplicable statutory exemptions rather than delay of an action over which the agency had discretion."). But this court is bound by *Judicial Watch*—a D.C. Circuit case that overrules any inconsistent aspects of the earlier district court opinions upon which Defendant relies. In Reply, Defendant attempts to distinguish *Judicial Watch* on its facts, *see* Reply at 12–13, but the D.C. Circuit unequivocally concluded that "[i]n this circuit it is settled law that informal agency conduct resulting in long delays in making requested non-exempt records available may serve as the basis for a policy or practice claim." 895 F.3d at 777–78. Consequently, Plaintiff's allegation that Defendant has a pattern or practice of unreasonably delaying in disclosing non-exempt documents is sufficient to survive a motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, the court will GRANT in part and DENY in part Defendant's Partial Motion to Dismiss, ECF No. 11.  An Order will accompany this memorandum opinion.

Date: February 5, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge